UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                      :
ILYAS ALI,                                :
                      Petitioner,   :
                                        :            19 Civ. 8645 (LGS)
           -against-           :
                                        :            <u>TRANSFER ORDER</u>
DHS/ICE/DEPT. OF JUSTICE,           :
                   Respondents. :
                                        :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

       Pro se Petitioner Ilyas Ali, a native and citizen of Pakistan, is detained by U.S.

Immigration and Customs Enforcement ("ICE") pending removal pursuant to 8 U.S.C. §

1182(a)(6)(C)(i) and § 1182 (a)(7)(A)(i)(I).  Petitioner filed a Petition for a Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2241 seeking (1) an order directing Respondents to release

Petitioner; and (2) an order enjoining Respondents from revoking Petitioner's parole upon

release unless Petitioner violates the terms of his release.  In its response to the Petition, the

Government moved to dismiss or to transfer the case to the Northern District of Alabama.  For

the reasons stated below, the Government's motion to transfer is granted.

## I.     BACKGROUND

       Petitioner entered the United States at Los Angeles, California on December 1, 2000,

with a fraudulent lawful permanent resident identification card.  The Immigration and

Nationalization Service ("INS")[1] commenced removal proceedings against Petitioner later that

month, charging him as removable pursuant to the Immigration and Nationality Act ("INA") §

212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i), as an alien who by fraud or willful

---

[1] The INS ceased to exist in 2003.  Certain of its functions were transferred to ICE.

misrepresentation of a material fact seeks to procure entry into the United States, and 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who at the time of application for admission to the United States is not in possession of valid entry documentation.

In November 2013, Petitioner was arrested by ICE to effectuate the final order of removal.  Petitioner was released on an Order of Supervision in February 2014 pending ICE securing a travel document sufficient for Petitioner's removal to Pakistan.  ICE revoked Petitioner's Order of Supervision in December 2018, after receiving a travel document from the Pakistan government, and Petitioner was detained and transferred to the Bergen County Jail in Hackensack, New Jersey, pending removal.

In January 2019, ICE attempted to remove Petitioner on a flight out of the John F. Kennedy International Airport ("JFK") in Queens, New York, but the removal failed after Petitioner physically resisted.  Petitioner was then transferred to the Hudson County Correctional Facility in Kearny, New Jersey, pending a second attempt at removal.  In August 2019, ICE transferred Petitioner to Etowah County Detention Center in Gadsden, Alabama, to be held pending his removal.  Petitioner's case was also transferred from the ICE field office in New York, New York, to the Gadsden, Alabama, sub-office of the ICE field office in New Orleans, Louisiana.

Petitioner filed the instant Petition on September 17, 2019, while he was detained at the Etowah County Detention Center in Gadsden, Alabama.  On September 29, 2019, ICE again attempted to remove Petitioner on a flight out of JFK.  After Petitioner again resisted, he was returned temporarily to the Hudson County Correctional Facility in Kearny, New Jersey, and then, on October 1, 2019, was transferred to the LaSalle Detention Facility in Jena, Louisiana.

The Government filed its motion to dismiss or to transfer on October 23, 2019. Petitioner was directed to file any opposition within thirty days from the date Petitioner was served with the Government's response to the Petition.  Due to Petitioner's transfer between facilities, the Government's motion and the Order to Answer were not successfully served on Petitioner until January 24, 2020.  No opposition was filed.

## II.    STANDARD

 "'District courts are limited to granting habeas relief within their respective jurisdictions.'"  *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). "[T]he general rule [is] that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."  *Padilla*, 542 U.S. at 443. "[T]he district of confinement is synonymous with the district court that has territorial jurisdiction over the proper respondent," *id*. at 444 (emphasis omitted), i.e. "the warden of the facility where petitioner is being held."  *Id*. at 435; *see also id*. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). "Although *Padilla* did not specifically address [this] rule in the immigration habeas context, and there is no direct Second Circuit authority on this issue, an overwhelming majority of courts in this District have applied *Padilla*'s default rule to 'core' habeas challenges in the immigration context."  *Darboe v. Ahrendt*, No. 19 Civ. 11393, 2020 WL 1057502, at *1 (S.D.N.Y. Mar. 2, 2020) (collecting cases).

## III.    DISCUSSION

Petitioner challenges his detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), as arbitrary and punitive because it has exceeded six months "with prima facie evidence of not

3

being able to remove [the Petitioner] in [the] foreseeable future" and because Petitioner has complied with ICE directives. The Government argues that this Court does not have jurisdiction because Petitioner was detained in Gadsden, Alabama, when he filed his Petition. The Government's motion to transfer venue is granted.

Petitioner filed the instant Petition on September 17, 2019, while he was detained at the Etowah County Detention Center in Gadsden, Alabama. In his pro se Petition, Petitioner challenges his present physical confinement, and the Petition is therefore a "core" habeas petition. *See Padilla*, 542 U.S. at 443 (referring to "core habeas petitions" as "challenging present physical confinement"); *accord Andoh v. Barr*, No. 19 Civ. 8016, 2019 WL 4511623, at *2 (S.D.N.Y. Sept. 18, 2019).[2] Accordingly, jurisdiction[3] is proper only in the district of confinement, i.e. the district with jurisdiction over the proper respondent to Petitioner's action. *Padilla*, 542 U.S. at 444. Because Petitioner brings a § 2241 habeas petition, the proper respondent is the warden of the facility in which he was housed at the time that he filed the petition. *See id.* at 435; *accord Rodriguez v. Decker*, No. 20 Civ. 2801, 2020 WL 1812994, at *1 (S.D.N.Y. Apr. 9, 2020) ("[T]he proper respondent to a habeas petition challenging present physical confinement is the immediate custodian, *i.e.* the 'warden of the facility where the [petitioner] is being held.'"). Jurisdiction is determined by the location of Petitioner's detention at the time of filing. *See Padilla*, 542 U.S. at 441 ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court

---

[2] "Non-core challenges include challenges to forms of custody other than physical confinement, including orders of removal." *Darboe v. Ahrendt*, No. 19 Civ. 11393, 2020 WL 1057502, at *1 n.1 (S.D.N.Y. Mar. 2, 2020) (quotation marks omitted).

[3] Courts have referred to the immediate custodian rule as both a rule of jurisdiction and a rule of venue. *See, e.g., Mahmood v. Nielsen*, 312 F. Supp. 3d 417, 423 (S.D.N.Y. 2018) (observing the differences in how courts refer to the rule). This distinction need not be reached here.

retains jurisdiction . . . ."); *accord Arevalo-Guasco v. Dubois*, 788 F. App'x 25, 26 n.1 (2d Cir.

2019) (summary order) (observing that the "key is where [Petitioner] was detained when he filed

his petition"); *Golding v. Sessions*, No. 18 Civ. 3036, 2018 WL 6444400, at *2 (S.D.N.Y. Dec. 6,

2018) ("Jurisdiction is evaluated at the time the petition is filed, and is not impacted by

subsequent transfers of the Petitioner, even transfers outside the judicial district in which the

petition was properly filed.").  Here, the district with jurisdiction over the warden of Etowah

County Detention Center in Gadsden, Alabama -- the facility in which Petitioner was detained at

the time that he filed the Petition -- is the Northern District of Alabama.  *See Padilla*, 542 U.S. at

446 ("Padilla seeks to challenge his present physical custody in South Carolina.  Because the

immediate custodian rule applies to such habeas challenges, the proper respondent is

Commander Marr, who is also present in South Carolina . . . Padilla must file his habeas action

in South Carolina."); *Darboe*, 2020 WL 1057502, at *2 (granting a motion to transfer to the

District of New Jersey because "Petitioner was confined in New Jersey at the time he filed this

petition, and because the warden of the Bergen County Jail is his immediate custodian"); *Andoh*,

2019 WL 4511623, at *2 (noting that "[t]he substantial majority of judges in this District to

consider this question have reached the same conclusion," that "a defendant detained in New

Jersey who seeks to challenge his detention, even if under the supervision of ICE personnel in

this District, must bring a habeas action in the District of New Jersey.").

　　　A minority of courts in this district have found to the contrary, i.e., that, regardless of

where Petitioner is detained, if Petitioner is detained in a non-federal facility pursuant to a

contract with ICE, then jurisdiction is proper in the district that has jurisdiction over the federal

officer with the power to release the petitioner.  *See, e.g., Rodriguez Sanchez v. Decker*, No. 18

Civ. 8798, 2019 WL 3840977, at *2-3 (S.D.N.Y. Aug. 15, 2019) (holding that the proper

respondent was the ICE New York City Field Office Director because petitioner was being held in a non-federal facility pursuant to a contract with respondents and the Field Office Director is the person with the ability to produce the party's body before the habeas court (internal quotation marks and alteration omitted)); *You, Xiu Qing v. Nielsen*, 321 F. Supp. 3d 451, 461 (S.D.N.Y. 2018) ("Petitioner's immediate custodian is not the warden of the Bergen County Jail, but, in fact, ICE officials located in this district.").  But the Supreme Court held that "identification of the party exercising legal control only comes into play when there is no immediate physical custodian with respect to the challenged custody." *Padilla*, 542 U.S. at 439 (internal quotation marks omitted).  In challenges to present physical confinement, the Supreme Court "reaffirm[ed] that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Id.*

The majority analysis is persuasive.  That a facility contracts with ICE to house detainees does "not change the fact that the warden of the [Etowah County Detention Center] is, quite literally, Petitioner's 'immediate physical custodian' and thus the proper respondent to whom this petition must be directed." *Lizardo v. Whitaker*, No. 18 Civ. 8476, 2018 WL 6444371, at *2 (S.D.N.Y. Dec. 5, 2018) (quoting *Padilla*, 542 U.S. at 439) (rejecting the minority analysis on this issue).  "And because the Court can identify such an immediate *physical* custodian, any inquiry into who exercises *legal* custody of Petitioner is irrelevant."  *Id.* (emphasis in original). Because the interests of justice would be served by transferring this petition rather than by dismissing it altogether, *see* 28 U.S.C. § 1406(a), the Government's motion to transfer is granted and the merits of Petitioner's Petition need not be reached.

## IV.    CONCLUSION

The Government's motion to transfer venue is GRANTED.

6

The Clerk of Court is respectfully requested to mail a copy of this Order to Petitioner, and to transfer this action to the Northern District of Alabama.  This order closes the case in the United States District Court for the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: June 9, 2020
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**